COWAN, McCLUNG & Co. *et als v.* DUNN *et als.*

ATTACHMENT. *Lien. Bankruptcy.* Filing a bill to appropriate specific property to satisfy judgment, after return of *nulla bona,* fixes a lien or charge on said property not displaced or affected by adjudication in bankruptcy within two months after filing said bill. Only attachments on *mesne* process, and like process, is dissolved by bankrupt law, so that an attachment in such cases dissolved, still leaves the property bound by the charge fixed on it by filing the bill.

FROM JEFFERSON.

Appeal from the Chancery Court at Dandridge.     H.. C. SMITH, Ch.

YOE for complainants.

LOGAN & LUCKEY, CORNICK & CORNICK, for defendants.

Cowan, McClung & Co. *v.* Dunn.

FREEMAN, J., delivered the opinion of the court.

The only contest in this case is a question between complainants, creditors of Chas. E. Dunn, and B. A. McFarland, his assignee in bankruptcy.

The facts briefly are, that Dunn was indebted to complainants; that they had judgments against him before a justice of the peace, on which execution had been issued and returned *nulla bona,* November 6, 1876. The creditors filed the bill in this case, the object of which was to have a certain transfer of personal property mentioned therein to P. A. Dunn, the father of Chas. E. Dunn, declared fraudulent and void as made to hinder and delay creditors. It is alleged that Chas. E. had first made a mortgage of the property to his father in February, 1876, to secure fictitious debts therein mentioned; that afterward, on the 23d of September of that year, he had made a bill of sale to the property to said P. A. Dunn or B. A. McFarland his agent for him, in satisfaction of the mortgage, which said bill of sale was void for fraud on creditors.

They prayed for and had an attachment levied on the property, and asked that the conveyance be declared void, the property attached sold, and the proceeds be applied to payment of their debts. On the 12th of December, 1876, Chas. E. Dunn was adjudged a bankrupt by the District Court of the United States at Knoxville, on petition filed 14th of November in said court.

McFarland, having been appointed assignee, and all

property of Dunn conveyed to him regularly under bankrupt law, came into the Chancery Court by petition and asked to be made a party to the case, which was allowed. He claimed, and asked the court, that the attachment be dissolved and the property attached should be delivered to him, and for all proper orders and decrees to effectuate his right. This claim goes on the idea that, by the bankrupt law, all attachments on *mesne* process are dissolved or assumed to be dissolved by an adjudication in bankruptcy within two months after such process fastened upon the property.

Cowan, McClung & Co., and other creditors, answer the petition, and insist they have a lien in addition to that created by the levy of the attachments, by virtue of the filing of their bill, which is not dissolved by the bankruptcy. McFarland's petition is agreed to be taken as an answer to the original bill, and the case went to a hearing on this state of things, when the Chancellor decreed that complainants had a lien by the filing of their bill, which was not dissolved by the bankruptcy proceedings, and were entitled first to have their debts satisfied, and the assignee entitled to remainder, from which an appeal was taken to this court by McFarland.

It is proper to state that complainants' bill was taken for confessed against P. A. Dunn, the father, at the rules after publication, and that B. A. McFarland states in his petition that the transfer of the property by C. E. Dunn was void under the bankrupt law, being executed for a pre-existing debt, and not in due course of trade, but makes no charge that.

it was fraudulent as to creditors, the issue made in the original bill, nor was P. A. Dunn, the father, made a party to it, nor any proceeding had against him under said petition in any way, nor relief sought in that direction.

In addition to the above 'facts, it also appears that Chas. E. Dunn filed an answer denying all fraud, but insisted in that answer on a plea in abatement, setting up his bankruptcy as a defense to the proceeding against him; that this plea was allowed, and then B. A. McFarland, assignee, was substituted in his stead, the answer of Dunn being withdrawn, and the cases abated as to him. Then McFarland presented his petition referred to, and put in his claim to the property.

On first consideration of this case our impression was that no final decree could be made between the parties now before us, and strictly this would be true, but inasmuch as the parties have submitted the question to the Chancellor, and a decree been made, although in defective pleadings, we deem it best, when we can, to overlook this, and settle the merits of the case when it can be done without injustice.

Upon the main question presented, we conclude, that the bill filed in this case fixed such a lien or charge on the property, independent of the attachment, as defeated the claim of the assignee. It is true it is not a bill strictly under the sections of the Code, 4283 to 4286, as was the case in 7 Heis., 32, yet the bill being filed to reach and appropriate the specific property mentioned in it to the satisfaction of com-

plainants' debts, fixed the charge effectually upon that property. The attachment was but an incidental step in the proceeding, by way of keeping the property the more securely under the control of the court, and thus enable it with certainty to carry out its decree by sale of the property when the court should so decree. Such a decree was the object of the bill, and might have been had, and the property sold under it, if it could be found, as well without the attachment as with it. The attachment was only the better to secure this end. It is true some of the reasoning of Judge Davis in the latter part of his opinion in the case of *Morgan* v. *Campbell*, 22 Wal. 393–4, would seem to militate against this consideration, but the point is not decided, nor did the case raise such a question, and we may add, this question is not stated by the learned judge, though his reasoning might include it. The lien of the distress warrant in that case was held not to be specific on the property in contest in that case till actual levy. The dissolution of the attachment by the operation of the bankrupt law could not aid the assignee in this view, as the lien or charge fixed on the property by virtue of the filing of the bill, would still hold the property and override his right. The Chancellor so held, and we affirm his decree with costs. Costs below as adjudged by the Chancellor.